FILED
U.S. DISTRICT COURT
DIV.
2012 OCT 29 AM 2:06
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

   Petitioner,

v.

MIKE PEARSON, Warden,

   Respondent.

CIVIL ACTION NO.: CV512-072

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to attack the sentence he received in this Court. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years' supervised release, and a $200.00 special assessment. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

Williams filed a section 2255 motion in which he asserted he received ineffective assistance of trial counsel. The undersigned recommended that Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61). Williams filed post-judgment motions and other pleadings in CV508-34, including a motion to amend or to re-open the case based upon his claims of actual innocence and ineffective assistance of counsel. (CV508-34, Doc. No. 154).

Williams filed another § 2255 motion in which he alleged that he received ineffective assistance of appellate counsel because his attorney on appeal would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged that he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended that he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred that he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted that Judge Moore was biased and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. The undersigned recommended that Williams' motion be dismissed as a successive section 2255 motion. Judge Moore adopted the Report and Recommendation as the opinion of the Court, and Williams' motion was dismissed. (CV509-104, Doc. Nos. 33, 38). Williams filed post-judgment pleadings in that case, as well, such as a motion for a new trial based on newly discovered evidence and a claim based on actual innocence. (CV509-104, Doc. Nos. 46, 54).

Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his right to confront witnesses at trial was violated. Williams also asserted that the only evidence introduced at trial was hearsay and that he should be granted a new trial. Williams averred that he was incompetent to stand trial, his counsel was ineffective, he should have been afforded a psychological evaluation, and the electronic surveillance conducted was illegal. According to Williams, his convictions and sentences resulted in a miscarriage of justice. The undersigned recommended that Williams' petition be dismissed, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-18, Doc. No. 13).

In another previously filed section 2241 petition, Williams asserted that he was denied his right to prove his actual innocence. Williams contended that he also was denied his right to: have a voice test, confront witnesses, and a psychological evaluation. Williams contended that he is being detained illegally. The undersigned recommended that petition be dismissed. The Honorable J. Randal Hall adopted this recommendation as the opinion of the Court, over Williams' objections. (CV511-118, Doc. Nos. 5, 8, 9).

Williams asserts that his sentence should be reduced based on new law.[1] Williams also asserts that his sentence was enhanced without benefit of a hearing. Williams also asserts that he was mentally incompetent to stand trial.

---

[1] To the extent Williams asserts that he is entitled to a further reduction of his sentence pursuant to amendments to the United States Sentencing Guidelines ("U.S.S.G."), his assertion must fail. Williams already filed several 18 U.S.C. § 3582 motions based on U.S.S.G. § 1B1.10, and Judge Moore has denied these motions. (CR506-14, Doc. Nos. 413, 439). In addition, Williams currently has several section 3582 motions pending, as well as a motion to reopen his criminal case based on new law. (CR506-14, Doc. Nos. 441, 490, 535, 542, 550). However, it appears that these motions will be denied, based on Judge Moore's Order dated December 14, 2011. In that Order, Judge Moore advised:

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Williams has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Williams has set forth nothing which indicates the

---

The defendant is not eligible for a sentence reduction because he is subject to a statutorily required mandatory minimum sentence of 20 years. This 20-year mandatory minimum sentence was overlooked by the probation office when the defendant's sentence was reduced to 235 months on October 20, 2008, as a result of the retroactive cocaine base amendment in 2008. The defendant's amended guideline range in 2008 should have 240 months to 293 months. Since the defendant's offense of conviction requires a mandatory minimum sentence of 240 months, he is ineligible for a further reduction.

(CR506-14, Doc. No. 413, p. 2).

4

remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Williams fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense,

5

and that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Williams has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Williams cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)